Kenneth Allen NEIGHBORS,
Plaintiff–Appellant,

v.

Janet CLARK–BARKER;  et al.,
Defendants–Appellees.

No. 05–16691.

United States Court of Appeals,
Ninth Circuit.

Submitted March 12, 2007.*

Filed March 21, 2007.

Kenneth Allen Neighbors, Ione, CA, pro se.

Allen Robert Crown, Esq., Office of the California Attorney General, Oakland, CA, Stephen W. Perkins, Constance L. Picciano, Esq., Office of the California Attorney General, Sacramento, CA, for Defendants–Appellees.

---

* The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed.    R.App. P. 34(a)(2).

Before: KOZINSKI, LEAVY, and BYBEE, Circuit Judges.

## MEMORANDUM **

California state prisoner Kenneth Allen Neighbors appeals pro se from the district court's judgment in favor of defendants in his 42 U.S.C. § 1983 action alleging due process violations and retaliation. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir.2003) (failure to exhaust); *Barnett v. Centoni*, 31 F.3d 813, 815, 816 (9th Cir.1994) (per curiam) (summary judgment), and we affirm.

■ The district court properly dismissed the claims against the majority of the defendants without prejudice because Neighbors failed to exhaust administrative remedies. *See Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001); *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir.2003). Moreover, Neighbors' contention that *Booth v. Churner* does not apply retroactively to his action lacks merit. *See Harper v. Va. Dep't of Taxation*, 509 U.S. 86, 96, 113 S.Ct. 2510, 125 L.Ed.2d 74 (1993) ("[A] rule of federal law, once announced and applied to the parties to the controversy, must be given full retroactive effect by all courts adjudicating federal law").

■ The district court properly determined Neighbors failed to raise a triable issue on his claim that Clark–Barker retaliated against him by reporting his conduct to prison officials, because Neighbors failed to show the subsequent investigation of his behavior and his placement in ad-

ministrative segregation were unrelated to legitimate penological interests. *See Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995).

■ Moreover, the district court properly granted summary judgment on Neighbors' claim that Gutierrez's actions during the disciplinary investigation violated due process, because Neighbors was provided notice of the charges against him and opportunities to present his views at classification committee hearings about his administrative segregation. *See Barnett v. Centoni*, 31 F.3d 813, 815 (9th Cir.1994) (per curiam).

■ Contrary to Neighbors' contention, the district court did not abuse its discretion by permitting Clark–Barker and Gutierrez to file a motion for summary judgment after the date specified in the pretrial order. *See Byrd v. Guess*, 137 F.3d 1126, 1132 (9th Cir.1998) (discussing factors district courts consider in determining whether to modify pretrial orders).

Neighbors' remaining contentions lack merit.

All pending motions are denied.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.